21 F.3d 1120
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 BEAVER LODGE VENTURE, a Colorado general partnership;
Beaver Village Development, Inc., a Colorado
corporation; Beavers at Winter Park,
Inc., a Colorado corporation,
Plaintiffs-Appellants,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for
FirstSouth Federal Savings and Loan Association,
Defendant-Appellee, and
DWR, Inc., doing business as DWST, Inc., an Arkansas
corporation; Snow Time Limited Partnership, an
Arkansas limited partnership, Defendants.
 No. 93-1167.
 United States Court of Appeals, Tenth Circuit.
 April 14, 1994.
 
 Before BALDOCK, BARRETT, and McKAY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs appeal the district court's grant of summary judgment to the FDIC.[2] Plaintiffs originally filed suit in state court, seeking to foreclose on a deed of trust they claimed had priority over a separate deed of trust held by FirstSouth Federal Savings and Loan Association. The FDIC intervened as receiver for FirstSouth, removed the case to federal district court, and counterclaimed for foreclosure of FirstSouth's deed of trust. Following cross-motions for summary judgment, the district court held for the FDIC. On appeal, plaintiffs argue, as they did before the district court, that, although they had agreed to subordinate their lien to that of FirstSouth, the subordination should be reversed in light of the equities present in this case.
 
 
 3
 Our jurisdiction over this appeal arises from 28 U.S.C. 1291.[3] We review the district court's grant of summary judgment de novo, applying the same standard as the district court, pursuant to Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). Here, the parties agree that the underlying facts are undisputed. After careful review of the record on appeal in light of these standards, and after due consideration of the parties' briefs on appeal, we conclude that the district court correctly decided this case. Therefore, for substantially the same reasons as set forth in the district court's memorandum opinion and order dated April 20, 1993, the judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The record on appeal suggests that plaintiffs' claims against the remaining defendants were disposed of prior to the district court's grant of summary judgment to the FDIC. In any event, plaintiffs appeal from the district court's order of April 20, 1993, which dealt only with claims against the FDIC
 
 
 [3]
 We grant the FDIC's motion, dated October 10, 1993, to withdraw its earlier Motion to Dismiss